# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-20-114-PRW |
| ) | |
| RAYLENE MARIE WALKUP, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S SENTENCING MEMORANDUM
## AND
## MOTION FOR VARIANCE OR NON-GUIDELINE SENTENCE

The defendant, Raylene Marie Walkup ("Walkup" or "Defendant"), through the undersigned Counsel and files with the Court her *Sentencing Memorandum and Motion for Variance or Non-Guideline Sentence* for the Court's consideration in determining an appropriate sentence in her case.

### I.     Introduction and Background

Raylene Walkup is 31 years old. She was born in Tucson Arizona, but raised in Oklahoma, since the age of three. The procedure of the case is adequately described in the Pre-sentence Investigation Report (PSR). Walkup has accepted responsibility for her crimes for which this Court will impose a sentence.

## II.   Sentencing Factors and Considerations of 18 U.S.C. §3553(a)

*a. Defendant's History and Characteristics and Nature and Circumstances of the Offense - §3553(a)(1).*

The factors outlined in 18 USC §3553(a) guide the Court in fashioning a sentence that is *not greater than necessary* to accomplish the goals of sentencing. There is additional information below for the Court to consider when determining a fair sentence. The nature and circumstances of the offense are fairly described in the presentence investigation report.

Raylene Walkup left home at 15 years old and has had a difficult life since that time. Her life has been marred with addiction and mental health issues. During the commission of the offense conduct, Ms. Walkup was addicted to methamphetamine and heroine. She was a "runner" taking orders from a drug trafficking organization (DTO). A substantial amount of time working for the DTO was spent on the run or in hiding because her boyfriend was a suspect for robbing one of the DTO's workers. Also, during the offense, Walkup was nearly shot on one occasion and the victim of an attempted kidnapping on another.

### b.  The Need for the Sentence Imposed

*Booker* and its progeny have rendered the sentencing guidelines as advisory. The legislation that created them was intended to create fair and consistent sentencing. Instead, *Booker* recognizes the need for Court to have discretion to

2

evaluate the individual merits of each case and render a sentence that accomplishes the goals of sentencing. Walkup's calculated guideline range in 108 – 135 months. We submit that a sentence of 60 months is adequate for the following reasons.

First, the guideline range calculated in the PSR is overstates the seriousness of the offense. The methamphetamine's purity drastically elevated the quantity uses to calculate her base offense level by a factor of 10. Second, the relevant conduct includes numerous firearms confiscated in other pending state cases.

      c. *Mitigating Facts and Argument for Downward Departure and Non-guideline Sentence with Authority*

           i. The Defendant's Mental and Emotional Condition

Mental and emotional deficiencies may render a defendant less morally culpable that another defendant. *See generally* <u>Penry v. Lynaugh</u>, 492 U.S. 302, 322 (1989). Walkup has a clear history of a personality and mood disorder coupled with substance abuse. *See* PSR at ¶69. Here, although Walkup has been treated for her mental health issues it has not helped her with self-medication through substance abuse. Undoubtedly, she would not find herself in this position before the court but for her addiction exacerbated by her mental health condition.

ii. Necessity

Because Walkup was nearly shot and kidnapped by members of the DTO, she kept firearms close at all times. Her advisory guideline range is significantly increased because of the number and type of firearms she was arrested with on different dates calculated under the relevant conduct rule. Walkup did not possess the guns to harm the public, but only for self protection.

For the above reasons, Raylene Walkup humbly and respectfully requests the Court grant her motion for a non-guideline sentence of 60 months.

Respectfully,

_____
Jeffery D. Trevillion, Jr.
Bar Number 21851
DOERNER SAUNDERS DANIEL & ANDERSON, LLP
210 Park Avenue, Suite 1200
Oklahoma City, Oklahoma 73102
Telephone: (405) 898-8650
Facsimile:  405-898-8680
Email:      jtrevillion@dsda.com
**ATTORNEY FOR DEFENDANT**

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2021, I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing System for filing, which will automatically send e-mail notification of such filing to all attorneys of record.

_____
Jeffery D. Trevillion, Jr.

5830513.1